16-560-cv
Allen v. City of New York

N.Y.S.D. Case #
13-cv-0203(KBF)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand seventeen.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 05, 2017

-----------------------------------------------------------------

LIONEL ALLEN,

*Plaintiff-Appellant,*

v.                                                    No. 16-560-cv

CITY OF NEW YORK,

*Defendant-Appellee,*

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

*Defendant.*

-----------------------------------------------------------------

1

| | | |
|---|---|---|
| FOR PLAINTIFF-APPELLANT: | | JESSE C. ROSE, The Rose Law Group, PLLC, Astoria, NY. |
| FOR DEFENDANT-APPELLEE: | | DIANA LAWLESS (Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, it is HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

Lionel Allen, an employee of the New York City Department of Environmental Protection ("DEP"), appeals from a judgment of the District Court (Forrest, J.) granting summary judgment in favor of the City of New York. Allen claims that he was not promoted because of his race and national origin and that he was retaliated against for complaining about discrimination, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 296. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

The District Court granted the City's motion for summary judgment on all of Allen's claims. It dismissed Allen's failure-to-promote claim principally because (1)

the evidence showed that Allen was not qualified for the positions that he sought, and (2) there was no admissible evidence that allowed for a reasonable inference of discrimination. We address both of these grounds.

    1. <u>Qualifications</u>

In concluding that Allen was not qualified, the District Court pointed to evidence that Allen lacked the year of supervisory experience listed in the job description for the Supervisor Watershed Maintenance I ("SWM I") position to which he applied. But there is contrary admissible evidence. Ralph Marchitelli, the DEP's Chief of Eastern Operations, testified both that Allen "did meet the basic requirements" for the SWM I position and that Marchitelli had never disapproved an applicant "who met the basic requirements" of that job. Based on Marchitelli's testimony, which comported with the City's Rule 56.1 statement that Allen satisfied the basic qualifications for the SWM I position, a rational jury could conclude that the DEP "did not in practice consider [supervisory experience] part of the basic eligibility" for the SWM I position. <u>Aulicino v. N.Y.C. Dep't of Homeless Servs.</u>, 580 F.3d 73, 81 (2d Cir. 2009) (quotation marks omitted). The District Court thought that Allen could not rely on Marchitelli's testimony because there was uncontroverted evidence that Allen withdrew his application for the SWM I position in 2007. But in his affidavit, submitted in opposition to the DEP's summary judgment motion, Allen

3

1  disputes that he ever refused to be considered for that position.   On summary

2  judgment, we must assume a fact finder will credit Allen.   See Garnett v.

3  Undercover Officer C0039, 838 F.3d 265, 274 (2d Cir. 2016).

4      2.  Inference of Discrimination

5      At his deposition, co-worker Francisco Barquet testified that the DEP's Acting

6  Chief of Eastern Operations, Mark Donecker, told him that Allen had been the

7  subject of discrimination.   The District Court concluded that this testimony was

8  speculative and contained inadmissible hearsay.   At oral argument before this

9  Court, however, the City conceded that Donecker's statement to Barquet was not

10 hearsay.   See Oral Arg. Audio at 20:50–21:10; Fed. R. Evid. 801(d)(2)(D).   Moreover,

11 a reasonable jury could find that such a statement from one DEP supervisor to

12 another was not speculation but a communication about an important employment

13 matter within the scope of his agency.   See Walsh v. N.Y.C. Hous. Auth., 828 F.3d

14 70, 79–80 (2d Cir. 2016); Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1238 n.1

15 (2d Cir. 1995).

16     At oral argument, the City further conceded that there was no admissible

17 evidence that Salvatore Siciliano, who ultimately was hired for the January 2007

18 SWM I position, had superior qualifications to Allen by virtue of his supervisory

19 experience.   See Oral Arg. Audio at 25:40–26:10.

In light of these concessions, we conclude that the City was not entitled to summary judgment on Allen's failure-to-promote claim in connection with the SWM I position. We therefore vacate the grant of summary judgment as to that claim and remand for further proceedings.[1]

We have considered Allen's remaining arguments as to his other claims, including his claims of retaliation, and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] The City also agreed that it informed Allen that he would be considered for future SWM I positions. Viewed most favorably to Allen, this admits an inference that Allen was under consideration for those positions. See Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998). On remand, the District Court is instructed also to consider Allen's claim insofar as it relates to these positions.

5